46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donnie Roy O'NEAL, Defendant-Appellant.
 No. 93-16878.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 12, 1994.*
Decided: Jan. 12, 1995.
 
 Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant was convicted of being a felon in possession of a firearm and sentenced to 360 months in prison. We affirmed the conviction in a prior appeal, United States v. O'Neal, 937 F.2d 1369 (9th Cir. 1990) (O'Neal I). O'Neal was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e) (1988), which is his case would have authorized a guideline maximum of 15 years. He was also sentenced as a "career offender" pursuant to U.S.S.G. Sec. 4B1.1 which, if applicable, would have yielded a sentence of 360 months to life.
 
 
 3
 This is an appeal from a petition pursuant to 28 U.S.C. Sec. 2255, in which O'Neal argues that he was improperly sentenced as a "career offender" in light of the November 1, 1991, Sentencing Commission Amendment to the Commentary to U.S.S.G. Sec. 4B1.1. In that amendment, the Commission clarified that the term "crime of violence" does not include the offense of unlawful possession of a firearm by a felon. Therefore, under the clarification, O'Neal was improperly sentenced as a career felon because the crime of conviction was not a "crime of violence."
 
 
 4
 The district court denied the Sec. 2255 petition, declining to apply the provision as clarified. This court, however, has recently held that Sec. 4B1.1 never did encompass mere possession of a firearm within the definition of "crime of violence" for purposes of determining whether a defendant was a career offender. See United States v. Garcia-Cruz, No. 93-50391, slip op. 13477, 13484-85 (9th Cir. Nov. 3, 1994). In Garcia-Cruz, this court concluded that mere possession of a firearm is not a "crime of violence" for purposes of Sec. 4B1.1 by applying the 1988 commentary to Sec. 4B1.1. Slip op. at 13483-84. The Garcia-Cruz opinion distinguishes O'Neal I, in which this court failed to apply the 1988 commentary, by reasoning that, subsequent to the Supreme Court's decision in Stinson v. United States, 113 S. Ct. 1913 (1993), the commentary is authoritative and must be applied. Slip op. at 13482-83. For further support, the Garcia-Cruz court noted that its conclusion was consistent with the 1991 commentary amendment, a clarifying amendment that may be given retroactive effect. Slip op. at 13484-85. Thus, in accordance with the holding of Garcia-Cruz, O'Neal should not have been sentenced as a career offender under Sec. 4B1.1.
 
 
 5
 The district court erred in concluding that regardless of whether Sec. 4B1.1 applied, the court still could have sentenced O'Neal to 360 months by applying 18 U.S.C. Sec. 924(e)(1), which establishes a sentence of fifteen years to life for "armed career criminals." Under U.S.S.G. Sec. 5G1.1(b), when the sentencing guideline range for the crime of conviction is shorter than the statutorily required minimum sentence, the statutory minimum shall be the guideline sentence. Because the applicable guideline range for the crime of conviction was considerably less than 15 years, the guideline sentence became fifteen years, the minimum sentence set forth in 18 U.S.C. Sec. 924(e)(1). Therefore, the defendant could not receive a sentence of 360 months without a substantial upward departure. The district court did not undertake the requisite upward departure analysis. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir. 1991) (en banc).
 
 
 6
 We therefore must vacate the sentence and remand for resentencing.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3